RECEIVED
DEC 27 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EUREKA McGEE | CIVIL ACTION NO. 04-1483 |
| versus | JUDGE HICKS |
| | REFERRED TO: |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Eureka McGee ("Plaintiff") applied for benefits based on a claim that she is disabled due to cerebral palsy. The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff was not working (step one) and suffered from cerebral palsy, an impairment that is severe within the meaning of the regulations (step two) but not severe enough to meet or equal a listing (step three).

The ALJ then reviewed Plaintiff's testimony and the medical evidence, including a neurological consultative examination. He determined that Plaintiff had the residual functional capacity ("RFC") to perform light work activity, limited by a need to avoid exposure to hazardous machinery and unprotected heights. He then turned to a discussion of whether Plaintiff could, with that RFC, perform any of her past relevant work (step four).

Social Security Ruling 82-62 directs that past work experience be "considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work." The Ruling goes on to explain that the claimant is often the primary source for vocational documentation, and her statements must be carefully appraised and, in some cases, supplementary or corroborative information from other sources such as an employer or the Dictionary of Occupational Titles may be required.

Ruling 82-62 states in several places the importance of obtaining detailed information about the demands of the job and issuing a fully explained decision. The written decision "must contain" certain findings, including "(A) a finding of fact as to the physical and mental demands of the past job/occupation." The Ruling further explains:

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some cases, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

The ALJ's written decision in this case contains a brief discussion of Plaintiff's past work at Tr. 15. It notes that the evidence shows Plaintiff had past relevant work "as a sandwich maker (317.664-010), (unskilled 'medium' work), alternate titles: sandwich-counter attendant." The decision proceeds to quote the description of the job found in the Dictionary of Occupational Titles under the cited entry, which carries an indication of a medium work strength requirement. The written decision then concludes:

> Based upon the residual functional capacity, the claimant could return to her past relevant work as a sandwich maker. The evidence establishes that the claimant could return to this occupation as performed. In addition, the claimant has the ability to do this job as it is generally performed in the national economy. (SSR 82-61 and SSR 82-62)

The ALJ's determination at step four may rest on descriptions of past work as actually performed or as generally performed in the national economy. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990). Plaintiff points out that she cannot perform the *medium* strength demands of the job, as it is generally performed, given the ALJ's finding that she has an RFC to perform only *light* work (subject to limitations). With respect to the conclusion that Plaintiff could perform her past work "as performed," there are not sufficient findings made with respect to the demands of the job as Plaintiff performed it to satisfy SSR 82-62 or to permit the court to review the findings for substantial evidence.

Plaintiff completed a form for the agency that asked several questions about the demands of the job. Plaintiff did check boxes to indicate that the heaviest weights she lifted were less than ten pounds, but she did not complete any of the information about the standing, handling and other requirements of the job, nor did she complete the portion of the form that asked her to explain what she lifted, how far she carried it, and how often she did so. Tr. 40. Plaintiff testified at the hearing that she worked at a Subway store and liked the job but it required "a lot" of standing. She said she left the job because she separated from her husband and moved home but, even had that not happened, she would no longer be working there because she and her boss "were not getting along" and the boss "was cutting

my hours because she was concerned about my muscle spasms." Tr. 92. The ALJ did not ask Plaintiff to provide the information missing on the form or to otherwise elaborate on the demands of the job. And it does not appear that the record contains any additional information about the actual demands of Plaintiff's prior job.

The decision to deny benefits in this case rests ultimately upon a conclusion that Plaintiff can perform the demands of her past work as it was actually performed, but the written decision does not contain specific findings regarding the demands of that work. Although the court should ordinarily avoid engaging in post-hoc rationalization or attempts to flesh out an unexplained decision, the rather skimpy factual record on this issue would not permit it to do so even if it were so inclined. The lack of specific findings with respect to the demands of the prior job require, under the circumstances, that the decision be reversed and remanded for additional proceedings.

On remand, Plaintiff and the agency may further explore any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand). Plaintiff is now represented by counsel. Both he and agency officials are encouraged to fully develop the record with respect to the demands of the prior job and all other relevant facts.

Plaintiff also complained in her brief to the court that (1) the ALJ did not obtain a current EEG despite Dr. Long's statement that he could not verify claimed seizure activity without one, (2) the ALJ did not obtain and consider medical records from the Shriners Hospital for Children, and (3) recently obtained reports from a physical therapist and a psychologist support Plaintiff's claim. Plaintiff will be free to submit or urge the acquisition of any such additional evidence on remand and attempt to demonstrate its relevance to the current application.

For the reasons set forth above, the Commissioner's decision to deny benefits is **reversed** pursuant to sentence four of 42 U. S. C. § 405(g), and this case is **remanded** to the agency for further proceedings consistent with this opinion. A judgment reflecting this ruling will be entered.[1]

THUS DONE AND SIGNED at Shreveport, Louisiana, this 27th day of December, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties gave written consent to have this case decided by a magistrates judge, and the case was automatically referred to the undersigned pursuant to a standing order of the district court and 28 U.S.C. § 636(c).